**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TALSK RESEARCH INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR WILLFUL PATENT INFRINGEMENT

Plaintiff Talsk Research Inc. ("Talsk") brings this claim of willful patent infringement against Microsoft Corporation ("Microsoft").

## THE PARTIES

1. Talsk is an Illinois corporation with its principal place of business in Chicago, Illinois.

2. Microsoft is Washington corporation with its principal place of business in Seattle, Washington.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Microsoft because Microsoft does and has done substantial business in this judicial district, including transacting business in this judicial district by offering to sell, selling, and advertising the infringing products and services in such a

way as to reach customers in Illinois and in this judicial district. In short, Microsoft has committed acts of infringement in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, and Microsoft has committed acts of infringement in this District.

## BACKGROUND FACTS

7. Srikrishna ("Krish") Talluri is the inventor of the methods and systems disclosed in U.S. Patent No. 7,178,097 (the "'097 patent") (attached hereto as "Exhibit A"). Mr. Talluri applied for the '097 patent on November 13, 2000. As of the time the '097 patent issued, February 13, 2007, Mr. Talluri had founded Business One, Inc. ("Business One"), which practiced the '097 patent by offering to sell the "RefMArc" product. As of 2012, Mr. Talluri had also founded Talsk, which also practiced the '097 patent by selling the "JotLingo" product: "JotLingo lets users take notes & save web-clips on the fly & access them from anywhere."

8. On May 14, 2005, Mr. Talluri met a Microsoft executive, Satya Nadella,[1] at a conference in Santa Clara, California. At this meeting, Mr. Talluri described the RefMArc product to Mr. Nadella, explaining that RefMArc was a web-based collaboration and productivity solution that could seamlessly archive and authenticate web-based content for easy sharing of the content among a small or large group of users. (6/3/2005 E-Mail from K. Talluri to S. Nadella (attached hereto as "Exhibit B").) After hearing about RefMArc in Santa Clara, Mr. Nadella suggested to Mr. Talluri that Business One submit a proposal regarding RefMArc to Microsoft. Business One did this, and disclosed to Microsoft the working RefMarc system as claimed in the '097 patent.

[1] Mr. Nadella was appointed chief executive officer of Microsoft in 2014, and he currently serves in that capacity.

9. On June 15, 2007, Mr. Talluri met with Steve Ballmer, Microsoft's then chief executive officer at a private reception before a conference in Novi, MI. Mr. Ballmer encouraged Mr. Talluri to send him a proposal outlining the benefits of the RefMArc product. Mr. Ballmer subsequently stated in his keynote speech that he had met with six entrepreneurs from Michigan on that day and he would do whatever he could to help them. Later that day, Mr. Talluri sent an email to Mr. Ballmer stating: "our RefMArc product is an archival & collaborative solution that helps users in several verticals archive a copy of web-based and other transient materials for subsequent use and seamlessly share the same." (6/15/2007 E-Mail from K. Talluri to S. Ballmer (attached hereto as "Exhibit C").) Mr. Talluri continued, "RefMArc is patent protected and the term of the patent is until the end of the year 2023. The addition of RefMArc as a built-in feature of Microsoft's existing products would prove to be a major hurdle for other companies serving these market[s] and could lead to severe limitations, and modifications of competitors' products." (*Id.*)

10. Mr. Ballmer responded on June 17, 2007, "we will follow up thanks[.]" (*Id.*)

11. After discussions and emails between Mr. Talluri and Microsoft, on October 16, 2007, Jay Henningsen of Microsoft stated to Mr. Talluri, "At this point in time the product groups are not willing to engage in deeper discussions [regarding RefMArc]." (10/16/2007 E-Mail from J. Henningsen to K. Talluri (attached hereto as "Exhibit D").) He also suggested that Mr. Talluri keep in touch as Microsoft's plans and priorities may change.

12. On October 13, 2013, Mr. Talluri wrote to Microsoft inquiring whether Microsoft was interested in acquiring the '097 patent. Microsoft responded, "After a review of the patent in light of the products identified in your e-mail, Skydrive and OneNote, we find that the '097 patent

is not of relevance to these Microsoft products." (1/31/2014 E-Mail from P. Evans to K. Talluri (attached hereto as "Exhibit E").)

13. On May 27, 2015, Mr. Talluri stated to Microsoft as follows, "I understand that quite a few changes have taken place since your email from 16 months ago and notably, what I've predicted has now come to pass. The integration between Skydrive (now Onedrive) and OneNote that I predicted is now in place and it is clear that the OneNote product now writes over my US, Canadian and International patents. . . . More interestingly, the flow and screens of the product are remarkably similar to the one we shared and was evaluated by Microsoft." (5/27/2015 E-Mail from K. Talluri to P. Evans (attached hereto as "Exhibit F").)

14. Mr. Nadella passed up the opportunity, in 2005, for Microsoft to beat its competition and capture what has become a multi-billion dollar market with the introduction and integration of RefMArc (a collaborative, productivity solution) with OneNote, Microsoft's web-browser, and other products. Under the leadership of Mr. Nadella, Microsoft has executed on the very strategy Mr. Talluri proposed to Microsoft—*viz.*, integrating RefMArc as a productivity platform product that offers consumers a cloud-based collaborative solution across the Microsoft suite of products by incorporating RefMArc's features and capabilities in OneNote, OneDrive and Edge browser.

15. Notwithstanding Mr. Talluri's numerous discussions with Microsoft regarding the '097 patent, the scope of the claims, and how and why these claims cover the OneNote product, Microsoft has continued and does continue to infringe the '097 patent.

## WILLFUL INFRINGMENT OF THE '097 PATENT

16. Talsk realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth in this Paragraph 16.

17. Microsoft has infringed and continues to infringe, literally and under the doctrine of equivalents, claims of the '097 patent in violation of 35 U.S.C. § 271(a) through, among other activities, the manufacture, use, sale, importation and offer for sale of infringing OneNote product.

18. Claim 1 of the '097 patent is a "system for archiving reference material cited in a bibliography of a manuscript by an author of the manuscript . . . ." (Exhibit A, 9:36-38.) As set forth below, OneNote employs such a system.

a. Claim 1 provides for "a first communications device connected to the Internet, wherein an author of a manuscript uses a web site on the Internet as a reference for the manuscript, wherein the author uses the first communications device to transmit the web site to the database . . . ." (Exhibit A, 9:40-44.) OneNote meets this limitation by providing consumers with a "webclipper"—a tool installed on the consumer's web browser that the consumer may use to save entire or portions of web pages.

b. A further component of the system of claim 1 is "a database connected to the Internet . . . wherein the database obtains a copy of the website from the Internet upon receiving the web site address from the author such that the copy of the web site obtained by the database is verbatim to the web site as on the Internet at the time the author transmitted the web site address to the database . . . ." (Exhibit A, 9:39, 45-50.) The user of the OneNote webclipper discussed above saves a copy of a web page to the user's OneNote folder (*i.e.*, local storage) and to Microsoft's OneDrive (*i.e.*, a cloud- based storage solution).

c. Claim 1: "[W]herein the database stores the copy of the website along with a distinctive key associated with the copy of the web site . . . ."

(Exhibit A, 9:50-53.) Here, OneNote assigns a unique reference key to the user's entire folder, *not* to the actual webpage. When only one webpage is stored in the folder, the folder acts as a unique reference to that webpage.

d. A further component of the system of claim 1: "[W]herein the author cites the web site as being a reference for the manuscript by listing identification of the web site along with the distinctive key in the bibliography of the manuscript . . . ." (Exhibit A, 9:52-56.) Here, OneNote meets this component of the system as well, providing users with URL links that may be shared with others.

e. "[W]herein an audience of the manuscript obtains the distinctive key from the bibliography of the manuscript; and a second communications device connected to the Internet, wherein the audience uses the second communications device to transmit the distinctive key to the database in order to request the database for the copy of the web site; wherein the database transmits a copy of the stored copy of the web site to the audience via the Internet and the second communications device in response to receiving the distinctive key from the audience such that the copy of the web site as on the Internet at the time the author transferred the web site address to the database." (Exhibit A, 9:56-10:3.) The audience of the OneNote user obtains the reference key from a blog or a research paper and may click on the link provided (or enter the link in a web browser) and thus view the verbatim copy of the web page that the author saved.

19. Microsoft knows of the '097 patent based on, among other things, correspondence between Mr. Talluri and Messrs. Nadella, Ballmer, and their teams at Microsoft. Moreover,

Microsoft knows how the ‘097 patent claims read on the OneNote product. Notwithstanding this particular knowledge of the OneNote product and how that product infringes the ‘097 patent, Microsoft refuses to purchase or license the ‘097 patent. In sum, Microsoft willfully infringes the ‘097 patent.

WHEREFORE, Talsk respectfully requests that this Court enter judgment against Microsoft as follows:

A. Finding that Microsoft has infringed and is infringing one or more claims of the ‘097 patent;

B. Finding that Microsoft’s infringement has been willful;

C. Awarding Talsk lost profits or a reasonable royalty, including pre-judgment and post-judgment interest;

D. Awarding Talsk treble damages;

E. Finding that this case is “exceptional” under 35 U.S.C. § 285 and awarding Talsk its expenses and attorneys’ fees incurred in bringing and prosecuting this action; and,

F. Awarding such additional relief as the Court deems just and proper.

**JURY DEMAND**

Under Rule 38(b) of the Federal Rules of Civil Procedure, Talsk requests a trial by jury.

Respectfully submitted,

Date: February 12, 2016

*/s/ Matthew M. Wawrzyn*
*Counsel for Talsk Research Inc.*

Matthew M. Wawrzyn (#6271635)
mwawrzyn@siprut.com
Stephen C. Jarvis (#6309321)
*sjarvis@siprut.com*
**SIPRUT PC**
17 North State Street, Suite 1600
Chicago, IL 60602
312-236-0000

4812-4939-9854, v. 2